Freeburg Law LLC
Alex Freeburg, Bar No. 7-5182
Rachel Berkness, Bar No. 7-5966
PO Box 3442
Jackson, WY 83001
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

DIANNE SNYDER,

    Plaintiff,

vs.

NATIONAL 9 MOTELS, INC.,

    Defendant.

Case No.

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Dianne Snyder ("Plaintiff" or "Mrs. Snyder"), by and through undersigned counsel, and files this Complaint against Defendant National 9 Motels, Inc. ("National 9 Inn") stating and alleging as follows:

### INTRODUCTION

1. On September 11, 2021, seventy-four-year-old Dianne Snyder was visiting Wyoming from Ohio. One night, she decided to stay at the National 9 Inn – Showboat Motel in Casper because she was attracted to the nautical theme she saw online. However, Ms. Snyder was unable to see what the motel looked like on the inside from the website.

Freeburg Law LLC | Box 3442, Jackson, WY 83001 | tel. (307) 200-9720| fax (307) 939-7090

Page 1 of 10

2. As Mrs. Snyder and her husband David Snyder checked into the motel, they were given a wagon to carry their luggage in. Even though they were parked in the front and their room was at the front of the motel, they were instructed by the manager not to use the front door or the side door, only the back door. There were multiple rugs on top of the carpet and on top of tile flooring towards the front door.

3. The wagon National 9 Inn provided Mrs. Snyder was not a typical hotel luggage cart. Instead, it was low to the ground and had a handle that was not fixed in place. Mrs. Snyder guided the wagon from the front with the handle as her husband pushed the wagon from behind.

4. Mr. and Mrs. Snyder wheeled the wagon through the back door to get their luggage. As they wheeled the cart back towards the front of the motel, Mrs. Snyder tripped and fell over a rug that had been placed over the top of an especially frayed portion of the motel's indoor carpet. She could not hold onto the wagon's handle for support because it was not fixed in place. She fell to the side and landed on the tile floor that adjoined the hallway, hearing a crack. Her left shoulder, left hip, and left knee hit the tile flooring.

5. Mrs. Snyder was then transported by ambulance to the hospital where she stayed for eleven days. She had broken her femur in two locations and underwent surgery. Her injuries have impacted her ability to walk and sleep normally. She is consistently in pain. She also suffers consistent pain in her left knee since the fall. Additionally, she has sustained injuries to her shoulders both as a result of the initial fall and also associated with using walking aides after this incident. She has

to rely on her husband to help her with daily tasks. The extent of her injuries and her ability to recover from them is still unknown.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff is a resident of Wadsworth, Ohio.

7. Defendant National 9 Inn is a for-profit corporation organized under the laws of the State of Utah that, upon information and belief, is registered to do business in Wyoming. Its principal place of business is in Sandy, Utah and its registered agent for service of process is Rodney H Jensen, 9571 South 700 East Ste. 201, Sandy, Utah, 84070.

8. Jurisdiction is based on diversity of citizenship between Plaintiff and Defendant and the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000). 28 U.S.C. 1332.

9. This Court has personal jurisdiction over Defendant based upon its contacts with the State of Wyoming at the time of the events alleged in this Complaint; specifically, that Defendant committed the acts and omissions alleged in this Complaint in the State of Wyoming.

10. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the District of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11. On September 11, 2021, Dianne Snyder and her husband, Dave Snyder, were travelling through Wyoming on a road trip.

Freeburg Law LLC | Box 3442, Jackson, WY 83001 | tel. (307) 200-9720| fax (307) 939-7090

Page 3 of 10

12. The night prior, Dianne Snyder had booked a room at the National 9 Motel – Showboat in Casper, Wyoming. She chose the motel because of its nautical theme. She wasn't able to view the inside of the building prior to booking the room.

13. After the couple booked their room, the motel's manager provided them a wagon to load their luggage into. Although their room was at the front of the motel and although they were also parked at the front of the motel, the motel's manager told them not to use either the front door or the side door, only the back door.

14. The wagon National 9 Inn provided Mrs. Snyder was not a typical hotel luggage cart. Instead, it was low to the ground and had a handle that was not fixed in place. Mrs. Snyder guided the wagon from the front with the handle as her husband pushed the wagon from behind.

15. Several rugs were on the floor near the front of the hotel.

16. After Mr. and Mrs. Snyder retrieved their luggage from their vehicle, they pushed the wagon back through the hallway towards their room. After the pair turned a corner at the front of the hotel, Mrs. Snyder got caught in a rug that had been placed on top of the carpet and fell. The rug was not fastened or secured to the carpet in any way. Mrs. Snyder was unable to prevent herself from falling because the handle on the wagon was not fixed in place. Instead, as she fell down, the wagon's handle fell down as well.

17. As Mrs. Snyder fell, she put her arm out to try to catch herself but fell on a tile floor adjacent to the carpeted hallway. She landed on her left hip, left knee, and left shoulder. She heard a crack.

18. Mrs. Snyder was then transported to Wyoming Medical Center and learned she had broken her femur in two places. She underwent surgery and was hospitalized for ten days.

19. Mr. Snyder returned to the motel after Mrs. Snyder's fall. He lifted the rug and noticed that it had been used to cover a thread-bare portion of the carpet. Similar rugs had been placed on top of the carpet in the motel at various locations.

20. Since the fall, Mrs. Snyder's injuries have prevented her from enjoying her usual activities of daily life. She experiences pain, has to walk using a walker and a cane, cannot walk normally, and has difficulty sleeping. She has to rely on her husband to help her with daily tasks. The extent of her injuries and her ability to recover from them is still unknown. She may need to use a brace or a lift to correct her ability to walk in the future. She may also have to undergo additional surgeries to correct her injuries.

## CLAIMS FOR RELIEF

### First Claim: Premises Liability – National 9 Inn

21. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

22. National 9 Inn owed Mrs. Snyder a duty of care to keep the premises in a safe condition and to protect individuals against dangers known to it and dangers discoverable with the exercise of reasonable care.

23. National 9 Inn breached its duty of care to Mrs. Snyder by:

    a. Failing to warn of or repair the dangerous conditions existing in the common areas and hallways;

    b. Failing to discover and mitigate the dangerous condition existing in the common areas and hallways;

    c. Failing to hire or provide sufficient resources to any maintenance company to warn of or repair the dangerous condition existing in the common areas and hallways;

    d. Providing Mrs. Snyder dangerous equipment;

    e. Taking affirmative actions to increase the risk to Mrs. Snyder of using the premises;

    f. Other failures to act or not act that contributed to the dangerous condition existing in the common areas and hallways.

24. National 9 Inn's breach of its duty of care was the cause in fact and proximate cause of Mrs. Snyder' injuries.

25. Mrs. Snyder is entitled to general and special damages for these injuries and harms, as more fully set forth below.

### Second Claim: Negligence – National 9 Inn

26. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

27. National 9 Inn has a duty to warn of or repair dangerous conditions existing in the common areas and hallways.

28. National 9 Inn breached this duty by failing to warn of or repair the dangerous conditions existing in the hallway where Mrs. Snyder fell.

29. National 9 Inn further has a duty not to provide guests with dangerous equipment.

Freeburg Law LLC | Box 3442, Jackson, WY 83001 | tel. (307) 200-9720| fax (307) 939-7090

30. National 9 Inn increased the risk to Mrs. Snyder of using its premises by maintaining the hallways in a dangerous condition and providing her dangerous equipment.
31. National 9 Inn also breached its duty of care by violating relevant statutes, regulations, and/or ordinances.
32. National 9 Inn's negligence was the cause in fact and proximate cause of Mrs. Snyder's injuries.
33. Mrs. Snyder is entitled to general and special damages for these injuries and harms, as more fully set forth below.

### Third Claim: Respondeat Superior – National 9 Inn

34. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.
35. Under the doctrine of Respondeat Superior, National 9 Inn is responsible for the tortious conduct of its employees performed within the scope of their employment.
36. In this case, employees of National 9 Inn negligently failed to warn of or repair the dangerous conditions existing in the hallway where Mrs. Snyder fell.
37. National 9 Inn employees also provided Mrs. Snyder dangerous equipment to carry her luggage that increased the danger to her of using the hallways.
38. At the time that the National 9 Inn employees failed to warn of or repair the dangerous conditions existing in the hallway where Mrs. Snyder fell, and at the time National 9 Inn employees provided Mrs. Snyder dangerous equipment to

carry her luggage, they were acting within the course and scope of their employment with National 9 Inn.

39. The National 9 Inn employees' negligence was the cause in fact and proximate cause of Mrs. Snyder' injuries and damages.

40. Mrs. Snyder is entitled to general and special damages for these injuries and harms, as more fully set forth below.

## DAMAGES

41. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

42. The negligence of National 9 Inn proximately caused Mrs. Snyder to suffer the following damages and injuries in an amount to be proven at trial:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future emotional pain and suffering;

    c. Past, present and future shame, humiliation, disgrace, and mental anguish;

    d. Past, present and future loss of enjoyment of life;

    e. Past, present and future medical expenses;

    f. Past, present, and future pecuniary losses;

    g. Caretaking, including the reasonable expense of necessary help in the home that has been required as a result of the injury and any such help that is reasonably probable to be required in the future;

    h. Disability and disfigurement, whether temporary or permanent;

Freeburg Law LLC | Box 3442, Jackson, WY 83001 | tel. (307) 200-9720| fax (307) 939-7090

Page 8 of 10

i.  Punitive and exemplary damages in a reasonable amount sufficient to adequately punish Defendant, and to serve as a deterrent and warning against future conduct of the type alleged in this *Complaint*;

j.  Other general and special damages as revealed by discovery and established at trial;

k.  Nominal damages;

l.  All allowable costs, fees, and expenses associated with this litigation, including but not limited to reasonable attorney's fees actually incurred. Pursuant to paragraph 17 of the lease agreement, the prevailing party is entitled to reasonable attorney fees and court costs from the other party; and

m.  All other damages allowed under Wyoming or other applicable law for Plaintiff's injury.

## PRAYER FOR RELIEF

WHEREFORE, Mrs. Snyder requests that this Court grant judgment as follows:

1. Judgment against Defendant for compensatory damages in an amount consistent with these allegations and proven at trial;

2. Judgment against Defendant for punitive and exemplary damages in an amount consistent with these allegations and proven at trial;

3. Judgment against Defendant for costs, fees, and expenses associated with this litigation, including but not limited to reasonable attorney's fees actually incurred; and,

4. Further relief as this Court deems just and equitable.

Dated _____02/02/2022_____.

       /s/ Rachel Berkness
Alex. F. Freeburg, Bar No. 7-5182
Rachel Berkness, Bar No. 7-5966
Freeburg Law, LLC
Box 3442
Jackson, WY 83001

## DEMAND FOR JURY TRIAL

Plaintiff, through counsel, requests that this matter be tried to a jury, pursuant to Federal Rule of Civil Procedure 38.

Dated ___02/02/2022_____.

    /s/Rachel Berkness
Alex. F. Freeburg, Bar No. 7-5182
Rachel Berkness, Bar No. 7-5966
Freeburg Law, LLC
Box 3442
Jackson, WY 83001